UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00559-CJC(ANx)            Date: May 10, 2013

Title: THOMAS HUGH O'LEARY, ET AL. V. BAYVIEW LOAN SERVICING LLC

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                             None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**
[filed 4/16/13]

       Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 20, 2013 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction & Background**

       Plaintiffs Thomas Hugh O'Leary and Sylvia Ursula O'Leary (together, "Plaintiffs") filed this action against Defendant Bayview Loan Servicing LLC ("Defendant") in Orange County Superior Court on January 24, 2013. Plaintiffs filed a First Amended Complaint ("FAC") on March 21, 2013. (Dkt. No. 1 [Notice of Removal] Exh. Q [FAC].) Defendant removed the action to this Court on April 8, 2013, (Dkt. No. 1), and filed the instant motion to dismiss the FAC on April 16, 2013, (Dkt. No. 5). For the following reasons, Defendant's motion is **DENIED**.

       The FAC contains a single cause of action for violation of 15 U.S.C. § 1641(g), a provision of the Truth in Lending Act, ("TILA"), which requires that when a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee must notify the borrower of the transfer within thirty days.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00559-CJC(ANx)                        Date: May 10, 2013
                                                                                                                                 Page 2

Plaintiffs allege that they are the owners of 15 Glen Eagles, Coto De Caza, California 92679-4730 (the "Property"). (FAC ¶ 2.) They allege that they obtained a mortgage loan to finance the Property from CitiMortgage, Inc. and that CitiMortgage, Inc. transferred its interest in the Property to Defendant. (*Id.* ¶¶ 5–8.) The assignment was executed on September 26, 2012, and recorded with the Orange County Recorder's Office on October 15, 2012. (*Id.* ¶ 7.) Plaintiffs allege that they did not receive written notice that their mortgage loan had been assigned to Defendant. (*Id.* ¶ 9.) Plaintiffs further allege that Defendant's failure to provide written notice of the assignment within 30 days constitutes a violation of § 1641(g). They allege that they are entitled to actual damages, legal fees, and statutory damages, and further pray (1) for an order compelling Defendant to remove the assignment which is a cloud upon Plaintiff's title to the Property; (2) for an order compelling Defendant to remove the Notice of Trustee's Sale which is a cloud upon Plaintiffs' title to the Property; (3) for a declaratory judgment determining whether Defendant has an interest in the Property; (4) for a restraining order prohibiting Defendant from initiating any action against the Property; (5) for an award of attorneys' fees and costs; and, (6) for costs of suit. (FAC ¶¶ 24–25, Prayer.)

**Discussion**

       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. In considering whether to dismiss a case for failure to state a claim, the issue before the Court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). However, "mere legal conclusions" are not entitled to an assumption of truth, *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011), and the complaint must contain more than "a formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00559-CJC(ANx)　　　　　　　　　　　　　　Date: May 10, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

　　　　Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment of the complaint would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

　　　　Defendant's sole argument is that the FAC must be dismissed because Plaintiffs have not alleged actual damages which were proximately caused by Defendant's failure to notify Plaintiffs of the assignment. (Def.'s Mem. in Supp. of Mot. to Dismiss [Def.'s Mem.] at 4.) While courts are split on the issue, this Court concludes that Plaintiffs need not allege actual damages to state a § 1641(g) claim. The plain language of 15 U.S.C. § 1640 allows a plaintiff to recover statutory damages and attorneys' fees in addition to actual damages. 15 U.S.C. § 1640(2)(A)(i), (iv) (allowing for damages for "twice the amount of any finance charge in connection with the transaction, . . . or . . . in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000."); *see also Dinh v. Citibank, N.A.*, No. SA CV 12-1502-DOC (RNBx), 2013 U.S. Dist. LEXIS 2312, at *16–*17 (C.D. Cal. Jan. 7, 2013) ("The right of a TILA plaintiff to recover statutory damages under Section 1641(g) is established by the plain language of the statute and is irrespective of whether a plaintiff can prove actual damages."); *Flemister v. Citibank, N.A.*, No. CV-12-5368 CAS (JCGx), 2012 U.S. Dist. LEXIS 181459, at *11 (C.D. Cal. Dec. 20, 2012) (conducting statutory analysis and concluding "it appears that plaintiff may recover statutory damages for any violation of § 1641(g), even if plaintiff cannot demonstrate actual damages"); *see generally Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 54 (2004) (TILA allows for the "recovery of actual damages in addition to statutory damages"); *Purtle v. Eldridge Auto Sales*, 91 F.3d 797, 800 (6th Cir. 1996) ("A plaintiff in a TILA case need not prove that he or she suffered actual monetary damages in order to recover the statutory damages and attorney's fees."); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780 (9th Cir. 1982) ("Under TILA, statutory damages are available merely on proof of a violation; no proof of actual damages is required."). *Contra Che v. Aurora Loan Services, LLC*, 847 F. Supp. 2d 1205 (C.D. Cal. 2012); *Beall v. Quality Loan Serv. Corp.*, No. 10-CV-1900-IEG (WVG), 2011 U.S. Dist. LEXIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00559-CJC(ANx)   Date: May 10, 2013
Page 4

---

29184, at *18 (S.D. Cal. Mar. 21, 2011). Even if § 1640(2)(A) is read only to allow statutory damages related to finance charges, the Supreme Court held in interpreting a previous iteration of § 1640 that "the minimum sanction is proper in cases such as this, where the finance charge is nonexistent or undetermined." *Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 376 (1973). Accordingly, Plaintiffs may be entitled to statutory damages of $400 even if they suffered no actual damages and there was no related finance charge. *Brown v. CitiMortgage, Inc.*, 817 F. Supp. 2d 1328, 1333–37 (S.D. Ala. 2011).

Plaintiffs sufficiently allege that Defendant is responsible for statutory damages. The FAC states: "Bayview violated 15 U.S.C. § 1641 and is subject to statutory damages." (FAC ¶¶ 24, 25.) Defendant points out that there is no mention of statutory damages in the Prayer, but this is not dispositive. *See Holt Civic Club v. Tuscaloosa*, 439 U.S. 60, 66 (1978) ("[A] meritorious claim will not be rejected for want of a prayer for appropriate relief."); Fed. R. Civ. P. 54(c) (judgment should grant relief to which a party is entitled, "even if the party has not demanded that relief in its pleadings"). Accordingly, Plaintiffs state a claim under § 1641(g).

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' FAC is **DENIED**.

jmc

MINUTES FORM 11
CIVIL-GEN                                                      Initials of Deputy Clerk MU